UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EMILIO FRANCISCO, et al.,<br><br>Defendants. | Case No.: SACV 16-02257-CJC(DFMx)<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH MARILY THOMASSEN, MARILYN THOMASSEN & ASSOCIATES, P.C., M. THOMASSEN & ASSOCIATES, P.C., AND AMERICAN IMMIGRATION LAW CENTER [Dkt. 327]** |

**I. INTRODUCTION & BACKGROUND**

On December 27, 2016, the SEC filed this enforcement action, alleging that Emilio Francisco and a number of entities ("the Receivership Entities") engaged in a fraudulent scheme to defraud at least 131 investors out of at least $9.5 million. (Dkt. 1.) On

January 23, 2017, in its preliminary injunction order, the Court appointed Thomas A. Seaman ("the Receiver") as the receiver of the Receivership Entities. (Dkt. 36.) The Receiver promptly took control over the Receivership Entities and commenced an investigation to locate, secure, and preserve the value of the Receivership Entities' assets. (Dkt. 327-1 [Declaration of Thomas A. Seaman, hereinafter "Seaman Decl."] ¶ 3.) Through this investigation, the Receiver discovered that Marilyn Thomassen, Marilyn Thomassen & Associates, P.C., M. Thomassen & Associates, P.C., and the American Immigration Law Center (collectively, "Defendants") served as escrow agents for the Receivership Entities' offerings. In these offerings, Defendants allegedly blindly followed Francisco's instructions and allegedly aided the fraudulent scheme by commingling investor funds. (*Id.* ¶ 4.)

After receiving court approval, the Receiver filed an action against Defendants on March 1, 2018. (*See Thomas A. Seaman v. Marilyn Thomassen et al.*, No. 8:18-cv-00349-CJC-DFM (C.D. Cal.) [hereinafter "Thomassen Action"], Dkt. 1 [Complaint].) In the Thomassen Action, the Receiver alleges causes of action for breach of escrow agreements, breach of fiduciary duty, and aiding and abetting securities fraud. (Thomassen Action, Dkt. 17 [First Amended Complaint].) The Receiver has since engaged in extensive settlement discussions with Defendants, and has agreed to accept a total of $45,000 in satisfaction of Defendants' obligations to the receivership estate. (Seamen Decl. ¶ 7; *id.* Ex. A.) Before the Court is the Receiver's unopposed motion for approval of the settlement agreement with Marilyn Thomassen, Marilyn Thomassen & Associates, P.C., M. Thomassen & Associates, P.C., and American Immigration Law Center. (Dkt. 327 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 15, 2019 at 1:30 p.m. is hereby vacated and off calendar.

## II. ANALYSIS

A federal equity receiver's power to compromise claims is subject to court approval. *See SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) ("[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." (quoting *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978))). Federal courts of equity often look to bankruptcy law for guidance in the administration of receivership estates. *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005). A bankruptcy court may approve a compromise of claims asserted by or against the estate only if the compromise is "fair and equitable." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the court must consider: "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Id.* (quoting *In re A&C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986)).

The Receiver here seeks approval of the proposed Settlement Agreement and Release of All Claims ("Settlement Agreement") with the following terms:

1. Defendants will pay $45,000 to the Receiver via a single check from Defendants' insurer.
2. Defendants will release all claims against the Receiver, the Receiver's company, the receivership estate, and the Receivership Entities.
3. The Receiver will release all claims against Defendants.

(Seaman Decl. Ex. A.)

The Court finds that the proposed Settlement Agreement is fair and equitable. The sum of $45,000 represents the entire amount of insurance proceeds available to Defendants to settle the Thomassen Action. (*Id.* ¶ 8.) Defendants' insurance coverage was terminated in a separate lawsuit after Defendants' insurance provided the Receiver with the check for $45,000 on February 26, 2019. (*Id.*) Although the Receiver believes the receivership estate's claims against Defendants are meritorious, continued litigation would be expensive and time consuming. (*Id.* ¶ 9.) In addition, Defendants' financial disclosures and absence of any insurance proceeds indicate that they would only be able to satisfy a fraction of any judgment. (*Id.*) And the additional expense and delay in continuing to litigate this action would likely reduce the receivership estate's net recovery from Defendants. Accordingly, the Settlement Agreement is **APPROVED**.

### III. CONCLUSION

For the foregoing reasons, the Receiver's motion for approval of the settlement agreement with Marilyn Thomassen, Marilyn Thomassen & Associates, P.C., M. Thomassen & Associates, P.C., and American Immigration Law Center is **GRANTED**. The Settlement Agreement, attached to the Declaration of Thomas A. Seaman as Exhibit A (Dkt. 327-1), is **APPROVED**.

DATED: April 2, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE