JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

EMILIO FRANCISCO, et al,,

Defendants.

Case No. 8:16-cv-02257-CJC-DFM

**FINAL JUDGMENT AS TO PDC CAPITAL GROUP, LLC; CAFFE PRIMO INTERNATIONAL, INC.; SAL CARMICHAEL, LP; SAL CITRUS HEIGHTS, LP; SAL KERN CANYON, LP; SAL ASSISTED LIVING, LP; SAL WESTGATE, LP; SAL PHOENIX, LP; TRC TUCSON, LP; SUMMERPLACE AT SARASOTA, LP; SUMMERPLACE AT CLEARWATER, LP; SUMMERPLACE AT CORRELL PALMS, LP; CLEAR CURRENTS WEST, LP; CAFFE PRIMO MANAGEMENT, LP; CAFFE PRIMO MANAGEMENT 102, LP; CAFFE PRIMO MANAGEMENT 103, LP; CAFFE PRIMO MANAGEMENT 104, LP; CAFFE PRIMO MANAGEMENT 105, LP; CAFFE PRIMO MANAGEMENT 106, LP; CAFFE PRIMO MANAGEMENT 107, LP; AND CAFFE PRIMO MANAGEMENT 108, LP**

The Securities and Exchange Commission having filed a First Amended Complaint and Defendants PDC Capital Group, LLC; Caffe Primo International, Inc.; SAL Carmichael, LP; SAL Citrus Heights, LP; SAL Kern Canyon, LP; SAL Assisted Living, LP; SAL Westgate, LP; SAL Phoenix, LP; TRC Tucson, LP; Summerplace at Sarasota, LP; Summerplace at Clearwater, LP; Summerplace at Correll Palms, LP; Clear Currents West, LP; Caffe Primo Management, LP; Caffe Primo Management 102, LP; Caffe Primo Management 103, LP; Caffe Primo Management 104, LP; Caffe Primo Management 105, LP; Caffe Primo Management 106, LP; Caffe Primo Management 107, LP; and Caffe Primo Management 108, LP (collectively "Receivership Defendants") having entered a general appearance; consented to the Court's jurisdiction over Receivership Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the First Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Receivership Defendants, and each of them, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of Receivership Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of Receivership Defendants or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Receivership Defendants, and each of them, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of Receivership Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of Receivership Defendants or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED that Receivership Defendants, and each of them,

are permanently restrained and enjoined from, directly or indirectly, including but not limited to, through an entity owned or controlled by any Receivership Defendant, participating in the issuance, purchase, offer, or sale of any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of Receivership Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of Receivership Defendants or with anyone described in (a).

**IV.**

IT IS FURTHER ORDERED that Receivership Defendants, and each of them, are permanently restrained and enjoined from, directly or indirectly, participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by the United States Citizenship and Immigration Service ("USCIS"), including engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of Receivership Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of Receivership Defendants or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Receivership Defendants, jointly and severally, are liable for disgorgement of $60,703,000, which will be deemed satisfied by the Receiver's collection and

distribution of receivership funds. The SEC forgoes prejudgment interest on the disgorgement amount and a civil penalty.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Receivership Defendants shall comply with all of the undertakings and agreements set forth therein.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 1, 2021

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

CC: FISCAL